## M'COY *against* HYDE and GRIFFIN.

Where proceedings are had, and a verdict is found for the tenant, under the statute authorizing a summary proceeding by a landlord to oust his tenant, (sess. 43, ch. 194, p 176,) the original affidavit cannot be used as the foundation of a new proceeding under that act. And where it was so used, and the tenant turned out of possession, *held*, that the proceedings were *coram non judice*, and void; and that trespass lay against both the landlord and judge.

TRESPASS; tried at the Allegany Circuit, September 26th, 1826, before BIRDSALL, C. Judge, when a verdict was found for the plaintiff.

A motion was now made, in behalf of the defendants, for a new trial.

[*69]

*J. Cook*, for the motion.

*S. S. Haight*, contra.

The facts are sufficiently stated in the opinion of the court, which was delivered by

SUTHERLAND, J. This was an action of trespass, brought by M'Coy against Hyde and Griffin, for turning him out of the possession of certain premises, which were held by him under a lease from Hyde. The defendants pleaded separately, and justified under the act of April 13th, 1820, entitled an act to amend an act entitled an act concerning distresses, rent and the renewal of leases, passed April 5th, 1813, (sess. 43, ch. 194.)

The following facts appeared at the trial: On the 25th day of April, 1826, the defendant, Hyde, made an application to the other defendant, Griffin, (who was a judge of the county court of Allegany,) under the act mentioned; and made the affidavit required by the act, before Griffin. G. thereupon issued his notice to the tenant M Coy, the present plaintiff, to remove from the premises, or show cause before him on the 26th of April, the next day. On

that day M'Coy appeared, and by his affidavit made before Griffin, denied the allegations in the affidavit of Hyde, as to his holding over and not paying his rent. Griffin, thereupon, issued a venire, as required by the act. The jury appeared before him on the 27th of April; and, after hearing the proofs and allegations of the parties, found a verdict in favor of the tenant, M'Coy.

After the verdict, and on the same day, Hyde again presented the same affidavit, which was the foundation of the first proceeding, to Griffin, who thereupon issued a new notice to the tenant, M'Coy, who again appeared, and by his affidavit again denied the holding over, &c., upon which a new venire was issued by Griffin, returnable the next day, the 28th. The jury appeared, heard the cause, and found a verdict in favor of Hyde, the landlord, upon which Griffin, on the 29th, issued a warrant of restitution; upon *which the plaintiff, M'Coy, was turned out of possession, and which is the trespass for which this suit was brought. The plaintiff on the trial contended, that the issuing of the second notice (after the first verdict in his favor,) and all the subsequent proceedings, were *coram non judice* and void. That it was a continuance of the original application, and not the institution of a new proceeding under the act, being founded on the original affidavit. That, in order to authorize the issuing of a second notice, and to give the judge jurisdiction for that purpose, there should have been a new oath in writing. The judge who presided at *nisi prius* so charged the jury, who found a verdict for the plaintiff for $300. The defendant excepted to the charge of the judge, and upon that exception the case now comes before this court.

[*70]

The question is not whether the verdict of the jury in favor of the tenant, on the first trial, was a bar to any further proceedings on the part of the landlord; but, admitting the right of the landlord to institute new proceedings immediately, upon a new affidavit, whether such proceedings are void, as being founded on the original affidavit, again presented to the judge, but not sworn to anew. The act makes no provision for the entering of a judgment up-

on the verdict of the jury ; but simply provides that if the verdict shall be for the landlord, the judge shall issue a warrant to put him into possession.  But giving no direc-tions as to what shall be done, where the verdict is for the tenant, nor declaring what shall be its effect.  But it is undoubtedly the duty of the magistrate to preserve, as re-cords in the cause, the affidavits of the respective parties They are the pleadings out of which the issue or issues to be tried by the jury arise.  These proceedings, like all other proceeding before inferior magistrates, are subject to be reviewed, and the magistrates may be called upon to make a return of everything that took place before him. It would seem, therefore, that the affidavit of the landlord, when once made and presented to the magistrate, ceases to be under the control of the landlord ; and whatever may be the issue of the cause, whether the verdict *may be for him, or for the tenant, the affidavits, as pleadings, are a part of the proceeding in that cause, which, it is the duty of the magistrate to preserve ; and which cannot again be used by the landlord as the foundation of a new suit or proceeding under the act.  If so, then the issuing of the second notice by the magistrate, and all the subse-quent proceedings, were *coram non judice* and void ; and the charge of the judge was correct.

[*71]

                                                    New trial denied.