## SUPREME COURT.

### COLVER, Appellant, agt. VAN VALEN, Respondent.

Where the requisite facts and circumstances are set forth in an affidavit to a justice of the peace for an attachment against a defendant under the Revised Statutes, on the ground that he has departed the county with intent to defraud his creditors, &c. The affidavit is insufficient, unless, in addition to such facts and circumstances, the plaintiff adds his belief that 'such acts were done by defendant *with intent to defraud his creditors*.

An affidavit which would be deemed sufficient under the non imprisonment act of 1831, will so be held on application under the Revised Statutes.

Where the justice used another affidavit, of *a different plaintiff*, made for the same purpose, and at the same time, with the one decided to be insufficient, *held*, that the attachment was properly issued in favor of the plaintiff whose affidavit was declared insufficient; especially, as no such objection was made by defendant on a motion before the justice to quash the attachment.

*Owego General Term, May* 1851. An attachment was issued in a justice's court and a judgment was rendered against the defendant of about twenty-five dollars, damages and costs, on the 10th December, 1847, which was reversed by the county judge of Cortland county, on the ground of the insufficiency of the affidavit.

The affidavit of the plaintiff, after stating that he had a demand arising on contract of twenty dollars, &c. proceeds to say,

" that the application is made on the ground that the defendant has departed the county with intent to defraud his creditors; and further, that the said James Van Valen has failed in business and stopped payment to his creditors. That a large portion of his property is under execution, and has been assigned away; and that the said James has a large quantity of personal property concealed in a house or outbuildings of Lewis Bogardus, liable to be taken on execution, and further says not."

STEPHENS & DUELL, *for Appellants.*

MR. REYNOLDS, *for Respondent.*

By the Court, MONSON, Justice.—I think this affidavit is not sufficient according to the decisons in 4 *Denio,* 120, and 1 *Barb. Sup. Court,* 554. The plaintiff should have added his belief that the acts set forth in the affidavit were done by defendant with intent to defraud his creditors. Belief of fraudulent intent, standing alone, is not sufficient. But I think the requisite facts and circumstances are here stated, had the plaintiff's belief been superadded.

But there was an affidavit of George Colver, upon an application by him for an attachment against the same defendant, before the justice and which he took into consideration, which stated that the defendant had departed from the county with intent to defraud his creditors, or with intent to avoid the service of any civil process, and " further says that the said James Van Valen has recently been sued by several of his creditors; that he has assigned, disposed of or secreted his property, with intent to defraud his creditors, and has refused through his agent to pay; that the store of the said James is locked, and that the said James has property concealed in a house of said Lewis Bogardus in Truxton, which is liable to execution."

I consider this affidavit sufficient under the non imprisonment act. And it was decided at the general term in Ithaca in July 1849, in this very case, that the proceedings would be sustained if the affidavit was sufficient under the non imprinment act of 1831; although the application was made under the Revised Statutes, upon the ground that the defendant had departed the

county with intent, &c. The only question then is, was it proper for the justice to take this affidavit into consideration upon the application for an attachment by David J. Colver, the plaintiff in this suit.

In 14 Meeson & Welsby, 104, on application to a judge to hold to bail, it was decided that the plaintiff might use affidavits made and used shortly before on a similar application against the same defendant at the suit of another plaintiff entitled in the former suit and in another court.

The affidavit of George Colver was not entitled, and was made before the same court at the same time with that made by the plaintiff, and against the same defendant.

Now I can see no reasonable objection to the use made of it by the justice for the purposes of this suit. The act of 1831, § 35, p. 404, says that the plaintiff shall by his own affidavit or that of some *other person* or persons prove to the satisfaction of the justice the facts and circumstances, &c. If the objection be that after an affidavit has been once used, it becomes functus officio, and has lost its vitality, it may be said in the first place that it does not appear that the affidavit of George Colver had been used, and if it was first used in this suit, then the objection, if it has any force, would only affect the validity of the attachment issued in the suit of George Colver. But the idea that an affidavit from once using becomes inoperative for ever thereafter, seems to me to be more fanciful than sound.

In 20 Johnson, 274, Boyce vs. Thompson, and five other causes in which the names of the parties were different, notice of the rule to plead was directed to each of the defendants respectively, and an affidavit of the service entitled in all the causes was filed, and a default entered thereupon by the clerk in each cause A question was submitted to the court whether the clerk was entitled to charge for reading and filing an affidavit in each cause. The court said the clerk was entitled to charge for making and filing an affidavit in each cause. The parties are different. The clerk must enter a default founded on an affidavit in each cause. Here the filing of one affidavit au-

Colver, Appellant, agt. Van Valen, Respondent.

authorized the clerk to enter default in six causes of different titles and charge accordingly. In 1 *Denio*, 682, Schermerhorn vs. Noble, the court said that one set of papers was sufficient on which to found motions for judgment as in case of nonsuit in that and thirty-one other causes in favor of the same plaintiff against different defendants. In 6 *Cowen*, 45, Prescott vs. Roberts, the venue was laid in the county of Onondaga and the cause noticed for trial and inquest, and defendant filed an affidavit of merits. The venue was changed by stipulation between the parties to the county of Rensselaer, where an inquest was taken on the gronnd that no new affidavit of merits was filed. But the court set aside the inquest saying that one affidavit extended through the whole progress of the cause; that a new affidavit need not be filed every time that the cause was noticed, and that a change of venue did not vary the principle.

The return states that in addition to the affidavit of David J. Colver, other proof was produced to the justice to entitle the said David J. to an attachment, that George Colver appeared, previous to the issuing of said attachment and made affidavit, &c.; and the return does not state that any objection was made to the use of this affidavit of George Colver, by the attorney of defendant, who appeared on the return day of the attachment and moved to quash the proceedings. In 1 *Com.* 92, WRIGHT, Justice, in delivering the opinion of the court says, where opportunity is given for objections, and none are made, but the party whose duty it is to object remains silent, all reasonable intendments will be made by a court of error to uphold the judgment. This doctrine, founded in good sense, has been promulgated in a series of decisions by the courts of this state. In the case of Baldwin vs. Calkins (10 *Wend.* 167), on certiorari the Supreme Court held that an omission to object will even authorize the inference of a fact necessary to confer jurisdiction', (see also the case of Oakley vs. Vanhorn, 21 *Wen.* 305).

Courts have ever been disposed to exercise liberality and every warrantable intendment in order to sustain pleadings and proceedings in Justices' Courts. This should be applied to attachments

in an especial manner which do not admit, from the circumstances which usually attend the drawing of affidavits, of that care and leisure which parties can ordinarily bestow on other proceedings in Justice's Courts.

I am of opinion that the affidavit of George Colver was properly taken into consideration in this case, and if that were questionable, that the defendant is precluded from taking the objection, because his attorney omitted to raise it before the justice when he moved to quash the attachment.

The judgment of the County Court should be reversed and that of the justice affirmed.