## COMMONWEALTH *vs.* HARRIET M. BARHIGHT.

A complaint for larceny, signed by the complainant below the description of the goods stolen, and above the charge of larceny, is not "subscribed by the complainant" as required by the Rev. Sts. *c.* 135, § 2.

COMPLAINT for larceny, signed by the complainant in the blank space below the description of the goods stolen, and above the charge of larceny; and certified by the clerk of the police court of Lowell to have been received and sworn to before that court.

The defendant, after conviction in the court of common pleas, moved in arrest of judgment, because the complaint was not "subscribed by the complainant," as required by the Rev. Sts. *c.* 135, § 2. *Perkins*, J. overruled the motion, and the defendant excepted.

*T. H. Sweetser*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth. " Subscribed " is not necessarily at the foot of the complaint. If the signature is so placed as to have the effect of authenticating the instrument, it is immaterial in what part it is. In this

case the jurat verifies the complaint in all its essential parts as having been made by the complainant. 2 Kent Com. (6th ed.) 511, & cases cited. *James* v. *Patten*, 8 Barb. 344. *Penniman* v. *Hartshorn*, 13 Mass. 87. Rev. Sts. *c.* 62, § 6.

SHAW, C. J. The magistrate is required to reduce the complaint to writing, and " cause the same to be subscribed by the complainant." Rev. Sts. *c.* 135, § 2. It is not certain that this complaint was reduced to writing before it was sworn to. It cannot be ascertained that this signature was made for the purpose of authenticating the whole complaint. The cases cited, relating to the attestation of wills and the signing of memoranda under the statute of frauds, do not apply. Such looseness and carelessness in instituting criminal proceedings are not to be encouraged. *Judgment arrested.*