In the Matter of the Assignment of JEHOAKIM DAVIS to HUGH PORTER for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided October 17th, 1879.)

Under the General Assignment Act of 1877, § 11, authorizing the issue of a citation to parties interested in an estate assigned for benefit of creditors, "requiring them to appear in court" on the settlement of the account of the assignee, a citation requiring parties to appear "before one of the judges of this court at chambers," confers no jurisdiction, and can not be amended.

Where such a citation has been set aside for the defect above mentioned, the petition upon which it was issued may properly be used in obtaining a second citation.

The omission of the name of the Chief Justice of the court from the teste of such a citation is not a material defect, where the citation bears the signatures of the clerk and of the attorney for the petitioner, and is under the seal of the court.

Where the petition for an accounting by an assignee is made by a creditor, the fact that the assignee disputes the claim of the petitioner is not a ground for denying the application.

APPLICATION to compel an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinions.

BEACH, J.—Under the Act (L. 1877, c. 466, § 11), the citation must require all parties to "appear in court." That process, in the case at bar, requires them to appear before "*one of the judges of this court at chambers.*" This would not be an appearance "in court" or before the court. The citation is therefore irregular and confers no jurisdiction. For that reason it cannot be amended, or an order to that end would be granted. The preliminary objection is well taken, and this proceeding must be dismissed without costs.

Order accordingly.

Upon a second citation having been issued upon the same petition, the following opinion was rendered, November 3d, 1879.

VAN HOESEN, J.—I. The petition was used in obtaining the citation which was set aside by Judge BEACH, and it is objected by the assignee that it cannot be used a second time and made the foundation of a second citation.

Before the adoption of Rule 23, it had always been the practice to require a new affidavit of merits to be made every time a defendant was required to swear to merits, and an affidavit of merits used for one purpose could not afterwards be used for a different purpose. I do not understand, however, that the same practice prevailed with respect to other affidavits. It is said in Tidd, p. 502, that " though affidavits have been used and a motion made thereon, they may be again referred to in support of a fresh motion." In England there are many cases holding that affidavits may be used a second time provided they are material to the points at issue on both motions. An indictment for perjury will not lie unless the affiant has sworn falsely respecting some material facts, and it is necessary therefore when an affidavit is offered upon a motion different from that for which it was prepared that it should appear that the affidavit when sworn to touched material facts, and that the affiant when he made it could have incurred the pains and penalties of perjury, if he had sworn falsely (see *Ryan* v. *Smith*, 9 Mees. & W. 223; *Reg* v. *Mizen*, 1 D. N. S. 865; *Quelly* v. *Boucher*, 1 Scott, 283). It was not improper therefore for the petitioner to use the petition a second time in obtaining a second citation.

Had the first citation been sustained, and had any subsequent proceedings thereupon been taken I should have been inclined to hold, under the authority of *McCoy* v. *Hyde* (8 Cow. 68), that it could not have been made the foundation of a second citation.

II. I do not regard as material the omission of the name of the Chief Justice from the teste of the citation. The citation bears the signature of the clerk and the signature of the

attorney for the petitioner, and is under the seal of the court. The words of the rule are not well chosen but the meaning is obvious. The fair construction is that the citation shall be issued by the clerk.

III. The assignee's denial of the petitioner's debt will not save the assignee from accounting. The Case of *Furmen* is directly in point.

IV. If the assignee desire it, I will order the petitioner's claim submitted to a jury, but with notice, if the claim be established, the assignee personally must pay the costs of the litigation. There seems to me circumstances that make such a disposition of the matter peculiarly proper.