AUGUSTIN H. MOJARRIETA et al., Respondents, v. TOMAS SAENZ et al., Appellants.

A request on the part of a defendant, against whom an attachment has been issued, to suspend legal proceedings, does not excuse a failure to serve the summons or to commence publication within the time prescribed by the Code of Civil Procedure (§ 638), and does not operate as an estoppel precluding the defendant from setting up want of publication or service.

As to whether the lapse of the thirty days prescribed ousts the court of jurisdiction and abates the action or merely avoids the attachment, *quære*.

A plaintiff after having obtained one attachment and order of publication, may abandon them and take out a new attachment and order, provided this is not done for the purpose of vexation.

It does not affect the jurisdiction of the court in granting the second attachment, that the same affidavit was used which was used in obtaining the first.

*It seems*, that it is proper thus to use the affidavit a second time, but if not it is a mere matter of practice, a departure from which by the court does not deprive it of jurisdiction.

*It seems*, also, that the omission upon the second application to comply with the rule (25) requiring that the affidavit upon an *ex parte* application shall state whether a previous application has been made, does not affect the jurisdiction; it is a mere irregularity, and if not regarded by the court below will not be regarded here.

An attachment was issued May 13, 1879, an order for service of summons by publication was obtained, but publication was not commenced within the thirty days prescribed; within that time one of the defendants, whose goods had been levied on, telegraphed and wrote to plaintiffs' to suspend proceedings. On June 12, 1879, a second attachment was granted, plaintiff using for that purpose the same summons and complaint and the same affidavit upon which the first warrant was granted, but giving a new undertaking; a new order of publication also was obtained, and publication was commenced within thirty days after the second attachment was granted. The first warrant was before the judge when he granted the second. Motion was made to vacate the attachments; the notice did not specify a failure to comply with said rule as an objection to the second attachment. *Held*, that the first attachment was properly vacated, but that the second attachment was properly granted; that plaintiffs had thirty days thereafter within which to commence publication of summons; and as the publication was commenced within that time, the motion as to the second attachment should have been denied.

*McCoy* v. *Hyde* (8 Cow., 68); *Cutler* v. *Biggs* (2 Hill, 409); *Robinson* v. *Sinclair* (1 How Pr., 106), distinguished.

(Argued March 9; 1880; decided April 6, 1880.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion to vacate two attachments issued herein.

The facts appear sufficiently in the opinion.

*Edward Patterson*, for appellants. An attachment having been issued, and the summons not having been personally served, or publication commenced within thirty days after, the court lost all jurisdiction of the cause, and all proceedings therein became void. (Code of Civil Proc., § 638.) The court, upon defendants' motion, should have made an order vacating and setting aside the first attachment. (*Taylor* v. *Troncosco*, Ct. App. [8 Weekly Dig.], 151; *Kelly* v. *Countryman*, 15 Hun, 97.) The second attachment was void in its inception and had no operative force at any time. (Code of Civil Proc., § 416; *McCoy* v. *Hyde*, 8 Cow., 68; *Culter* v. *Biggs*, 2 Hill 409; *Robinson* v. *Sinclair*, 1 How. Pr., 106.)

*J. F. Mosher*, for respondents.  The second warrant of attachment was properly granted on the original affidavit. (*Colver* v. *Van Valen*, 6 How. Pr., 104; Loche on For. Attacht., 11 [39 Law Liber]; *Barnard* v. *Heydrick*, 49 Barb., 62, 70; *Ex parte Metzler*, 5 Cow., 287; *Prescott* v. *Roberts*, 6 Cow., 45; *McCoy* v. *Hyde*, 8 id., 68; *Culter* v. *Biggs*, 2 Hill, 410.)  Nor is it any objection that the affidavit was made some time before the application for the second attachment. (*Grahan* v. *Bradbury*, 7 Mo., 281, 283; *McClanahan* v. *Brack*, 46 Miss., 246, 258; *Campbell* v. *Wilson*, 6 Texas, 379, 395; 1 Greenl. Evi., § 41; *Wright* v. *Ragland*, 18 Texas, 289, 292; *O'Neil* v. *N. Y. and S. P. Mining Co.*, 3 Helm. [Nev.], 141, 147.)  As there was not an entire absence of facts proved, justifying the granting of the second warrant, the order of the General Term, as far as it relates thereto, is not appealable. (*Allen* v. *Meyer*, 73 N. Y., 1.)

RAPALLO J.  The first attachment was granted May 13, 1879.  The last day for commencing publication of the summons is conceded to have expired on the 12th of June, 1879.  No publication was made until after that date, and by that omission the attachment fell. (Code, § 638; *Taylor* v. *Troncosco*, 76 N. Y., 599.)

The request of the defendant Rodriquez, whose individual property had been levied on by virtue of the warrant, to suspend proceedings, received June fifth by telegraph, and June twelfth by letter, were not a substitute for service of the summons or commencement of publication, nor can they operate as an estoppel to preclude the defendants from setting up want of publication or service.  A mere request to suspend legal proceedings is not sufficient to place the party who complies with it in the same position as if he had gone on with them.

The motion to vacate the first attachment should, therefore, have been granted.

On the 12th of June, 1879, the plaintiffs' applied for and obtained a second warrant of attachment, from Mr. Justice

Lawrence, using for the purpose the same summons, complaint, and affidavit upon which the first warrant had been granted, but giving a new undertaking.

The Code provides that a warrant of attachment may be granted to accompany the summons, or at any time after the commencement of the action and before final judgment therein (§ 638). It is provided by section 416 that from the time of granting a provisional remedy the court acquires jurisdiction, and has control of all subsequent proceedings, but that this jurisdiction is conditional, and liable to be divested where made by special provision dependent upon some act to be done after the granting of the provisional remedy.

If the second attachment is to be regarded as an entirely new proceeding in a new action, of course there can be no question as to its validity. But treating it as a second attachment in the same action, it is claimed that by the failure to commence the publication within thirty days after the granting of the first attachment the action abated, and the court lost jurisdiction, and consequently the second attachment fell with it.

It is questionable whether the lapse of thirty days without publication of the summons, ousts the jurisdiction of the court, or abates the action, or merely avoids the attachment; for it is provided by section 441, that where an action is brought against a non-resident, and an order of publication is made, the first publication, or the service out of the State, must be made within three months after the order of publication is granted. But however this may be, even the thirty days had not expired when the second attachment was granted, and the granting of this warrant, we think, gave the plaintiffs thirty days from that time to commence publication. We see no reason why a plaintiff, after having obtained one warrant of attachment and order of publication, may not abandon them and take out a new attachment and order, provided this course is not pursued for the mere purpose of vexation, in which case he would be liable for the damages unneces-

sarily occasioned. Several attachments may be issued in the same action to different counties (§ 641), and if one should be defective, or fail for any reason, there is nothing which prohibits an application for a new one.

After the granting of the second warrant a new order of publication was made on the sixteenth of June, and the plaintiffs had thirty days from the twelfth of June, the date of the second warrant, to commence publication under that order, which they did.

It is objected that the same affidavit was used on the application for the second attachment, which had been used on the application for the first, and the cases of *McCoy* v. *Hyde* (8 Cow., 68); *Cutler* v. *Biggs* (2 Hill, 409), and *Robinson* v. *Sinclair* (1 How. Pr., 106), are referred to as showing that the affidavit could not be used a second time. In *McCoy* v. *Hyde* (8 Cow., 68), summary proceedings, before a county judge, had been instituted under the statute, to oust a tenant, and after a verdict had been rendered for the tenant, the same affidavit by which the proceeding had been instituted, was used as the foundation of a new notice to the tenant to appear before the judge. And it was held that this could not be done, as it was the duty of the magistrate to preserve the affidavit as part of the record of the original proceeding, which had been terminated. But no such reason exists in the present case. The new attachment was issued in the same action, and the affidavit would necessarily remain as part of the proceedings in that action. There is no positive rule that no affidavit can be twice used. In *Barnard* v. *Heydrick* (49 Barb., 70), it was held that to obtain an order of publication against a non-resident, an affidavit might be used which had been made in a different action, all that the Code required being that the facts should appear by affidavit to the satisfaction of the judge. And in *Langston* v. *Wetherill* (14 Mees. & W., 104), it was held, after advisement, and with the concurrence of the whole court, that on an application to a judge to hold a defendant to bail, the plaintiff might use affidavits made and used shortly before on

a similar application, against the same defendant by a different plaintiff. That the test as to its admissibility, was whether perjury could be assigned upon it, and that as to the suggestion that the facts alleged, though true at the time it was made, might not be true when used on the application, the same objection might be raised against any affidavit used a month after it was sworn to.

The other cases cited related to affidavits of merits, as to which a strict rule of practice prevailed, that to prevent an inquest at the circuit, an affidavit must be made and filed for that special purpose, and that its absence would not be supplied by an affidavit of merits filed with a plea, or on a motion to change the venue, and generally the rule as to affidavits of merits, was that they could only be used once. But if the same rule was, in practice, applied to other affidavits, it was mere matter of practice, a departure from which by the court, would not deprive it of jurisdiction to grant a provisional remedy in an action, when the affidavit used stated the necessary facts, and perjury could be assigned upon it.

The objection that rule twenty-five was not complied with, by showing whether any former application had been made, if founded on fact, would be a mere irregularity, which if not regarded in the court below, would not be regarded here. Moreover it is not specified in the notice of motion, and for that reason was not available to the appellants. It appears, however, that the first warrant was before the judge when he granted the second.

The order of the General and Special Terms, should be modified, so as to grant the motion to set aside the first attachment, and deny the motion as to the second, without costs to either party on this appeal.

All concur, except ANDREWS, J., absent.

Ordered accordingly.