McGivern agt. Fleming.

the provisions of the several statutes in such cases, and to see that their records are properly made, and the certificate of conviction duly filed, and that their warrants of commitment are in due form. Section 4 of chapter 359 of the Laws of 1873, which relates to commitments to the house of refuge, provides in very general terms a remedy for the failure to file certificates, and for any irregularities, misdescriptions, defects or imperfections in the proceedings where persons are committed to the house of refuge; and this section would require, if there were any defect or imperfection in matters of form, that it be corrected by order of the court before which the writ of *habeas corpus* was returnable.

The order of the court below should be reversed, and the writ discharged, and the children remanded.

---

## N. Y. COMMON PLEAS.

JAMES McGIVERN, plaintiff and respondent, agt. THOMAS FLEMING, defendant and appellant.

*Contract— Memorandum of, not valid unless name of party to be charged is signed below or at the end of memorandum.*

A note or memorandum of contract for the sale of chattels is not valid unless the name of the party to be charged is signed below or at the end of the memorandum. And it is error to hold that if the name of the party to be charged can be found on the paper, he has subscribed all that part of the agreement that precedes his signature.

*General Term, January,* 1884.

*Before* VAN HOESEN, VAN BRUNT *and* J. F. DALY, *JJ.*

THE claim of the plaintiff was based upon an order alleged to have been given by the defendant for foliage, plants, &c. The plaintiff claimed that the order was signed by the wife of the defendant as agent. At the trial the signing of the order and all the material facts necessary to prove the plaintiff's case were denied by the defendant's wife, his daughter

McGivern agt. Fleming.

and himself. The plaintiff was his own sole witness. The jury rendered a verdict for the plaintiff for the full amount claimed with interest. From the judgment entered thereon the defendant appealed to the general term of the city, then marine court, and inasmuch as the alleged signature of the defendant, through his agent, was in the center, or near the center, of the alleged memorandum of order the general term of the marine court affirmed the judgment of the trial term as to that portion of the alleged order which appeared above the alleged signature of the defendant. From this judgment of the general term of the marine court reducing the judgment for the plaintiff to the extent of the items contained below the alleged signature, and affirming as to the residue, the defendant appealed.

*Walter R. Leggatt*, for defendant and appellant; *F. C. Devlin* and *R. Floyd Clark*, of counsel.

*Moore, Low & Sanford*, for plaintiff and respondent; *Mr. Moore*, of counsel.

VAN HOESEN, *J.* — The memorandum is not subscribed by the party to be charged. His signature, or rather a signature which the verdict of the jury compels us to regard as having been made by his authority, appears not at the end of the memorandum, but near the middle of it.

The jury found a verdict for the plaintiff for the price of all the goods mentioned in the memorandum, but the general term of the city court modified the judgment by deducting the price of those goods that " appear on the memorandum after the subscription of the defendant."

From this judgment of the general term of the city court it is obvious that in the opinion of that court, if a note or memorandum of a contract for the sale of personal property be signed not at the end, but in the midst of the list of the articles sold, the contract may be split into pieces, and the fragment that precedes the signing will be valid, whilst the

fragment that follows the signing will be void. I am not aware of any decision that warrants such a construction of the statute. Since the case of *Davis* agt. *Shields* (26 *Wend.*, 341), it has always been understood that a note or memorandum of a contract for the sale of chattels is not valid unless the name of the party to be charged is signed below or at the end of the memorandum. The case of *James* agt. *Patten* (6 *N. Y.*, 9), also holds that the signature must be underneath or at the end of the memorandum. The memorandum is but one instrument, and must be either entirely valid or totally invalid. If the memorandum be not signed at the end, it is not such a note of the contract as the statute requires, and the contract is utterly invalid.

The courts have no right to circumvent the statute by holding that if the name of the party to be charged can be found on the paper, he has subscribed all that part of the agreement that precedes his signature. He has not subscribed the note or memorandum, and that he must do in order to bind himself.

The judgment and the order appealed from should be reversed and a new trial ordered, with costs to abide the event.

