Acker agt. Jackson.

## SUPREME COURT.

DAVID B. ACKER and others agt. REBECCA JACKSON.

*Attachment—Insufficiency of affidavit to obtain an attachment—In granting second attachment, the same affidavit may be used as was used in obtaining the first—Code of Civil Procedure, section 636, construed.*

The affidavit to obtain an attachment, when made by plaintiff's attorney, and which alleges that there is due these plaintiffs * * * over and above all counter-claims known to deponent, as deponent is informed and believes, is wholly insufficient.

Aa affidavit by one of several plaintiffs that the sum mentioned is due, over and above all counter-claims known to him, is sufficient.

It does not affect the jurisdiction of the court in granting the second attachment, that the same affidavit was used in obtaining the first.

*Special Term, February,* 1886.

MOTION to vacate an attachment against an alleged nonresident.

*Charles G. Cronin,* for the motion.

*Shipman & Acker,* opposed.

LAWRENCE, J.— This attachment cannot stand. Section 636 of the Code of Civil Procedure provides, that "If the action is to recover damages for breach of a contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counter-claims known to him."

In this case one of the attorneys for the plaintiffs makes the affidavit on which the attachment was issued, and the allegation is, " that there is due to these plaintiffs from the defendant, upon the cause of action set forth in the complaint, the sum of $163.54, over and above all counter-claims known to deponent, as deponent is informed and verily believes." Numerous cases might be cited to show that such an allegation does not comply with the provisions of the Code that the affidavit must show

Acker agt. Jackson.

that the plaintiff is entitled to recover a sum stated therein, over and above all counter-claims known to him; but I shall merely refer to *Murray* agt. *Hankin* (30 *Hun*, 37), *Cribben* agt. *Schillinger* (30 *Hun*, 248), *Reuppert* agt. *Haug* (87 *N. Y.*, 141).

Motion to vacate granted.

On the entry of the order vacating the attachment as above set forth, plaintiffs' attorneys presented an affidavit of one of the plaintiffs, in which the defect above noted was remedied, and alleging "that, as deponent is informed and believes, said defendant is a non-resident, her place of residence being at No. 331 Fairmont avenue, Jersey City Heights, in the state of New Jersey," and upon which a new attachment was issued and levied.

On motion to vacate this second attachment on the ground of insufficiency in the papers, the court held:

LAWRENCE, *J.*—In *Mojarrietta* agt. *Saenz* (80 *N. Y.*, 551), the court of appeals holds—that it does not affect the jurisdiction of the court in granting the second attachment, that the same affidavit was used which was used in obtaining the first. RAPALLO, *J.*, in delivering the opinion of the court, says: "The new attachment was issued in the same action, and the affidavit would necessarily remain as part of the proceedings in that action. There is no positive rule that no affidavit can be twice used." When I granted the attachment now sought to be vacated, I had before me the papers which had been used on the issuing of the first attachment, and was possessed of their contents. Under the case just cited, I think they are to be regarded as having been before the court. So, regarding them, the objections which were taken to the sufficiency of the papers on which the second attachment was issued must fail. Inasmuch as the affiant, Illingsworth, swears positively that he knows the defendant, and that her place of residence is in Jersey City, in the state of New Jersey, the affidavit of Mr. Acker, in regard to the counter-claim, is sufficient. In *Stevens* agt. *Middleton* (14 *Week. Dig.*, 126), it was held, that an affidavit by one of several plaintiffs that the sum

mentioned is due, over and above all counter-claims known to him, is sufficient.

For these reasons, I am of the opinion the motion to vacate the attachment must be denied.

## SURROGATE'S COURT.

### In the Estate of WILLIAM H. LANGE.

*Code of Civil Procedure, section* 1822 — *Jurisdiction of surrogate's court, to determine whether demand of a creditor has been "disputed or rejected" within the meaning of this section — Executors and administrators — Limitation of action by creditor, where claim is rejected by executor or administrator.*

The surrogate's court has jurisdiction to determine whether the demand of a creditor, claimed by an executor or administrator to be barred by section 1822 of the Code of Civil Procedure, has, in fact, been "disputed or rejected" within the meaning of that section.

*New York County, February,* 1886.