# FIFTH DEPARTMENT

<div style="float:right">55 1<br>57 334</div>

AT

## GENERAL TERM,

### December, 1889.

---

STEPHEN HALLOCK, Respondent, v. BENJAMIN F. VAN CAMP, Appellant, Impleaded with STEPHEN D. SKINNER.

*Attachment — affidavits used in other applications may be used — amendment of the writ of attachment by inserting a reference therein to such affidavits.*

It is proper, in support of an order for the issuing of an attachment, to present to the judge making the order original affidavits which have been used in previous applications made to the same judge on the same day for attachments against the same defendant, in cases where other parties were the plaintiffs, for the purpose of supporting the charge that the defendant has departed from the State.

On proof by affidavit identifying certain papers, and stating that they were read upon the application for the attachment, an order may properly be made allowing the writ of attachment to be amended by making specific reference therein to such papers so identified.

APPEAL by the defendant from an order made at the Monroe Special Term, and entered in the office of the clerk of the county of Orleans on March 1, 1889, denying a motion to vacate an attachment based upon the papers upon which the attachment against property of the defendant was granted.

Upon the hearing of the motion to vacate the attachment the plaintiffs' counsel moved that the warrant of attachment be amended by adding thereto a reference to certain affidavits used in other

HUN—VOL. LV    1

proceedings on the same day, instituted by other plaintiffs against the same defendant before the same judge, read in support of this motion. The plaintiff produced and offered to read an affidavit to show that such affidavits were considered upon the application for the granting of the attachment. Such affidavit was received in support of the motion, and the motion to amend the attachment was granted.

*Charles A. Keeler*, for the appellant.

*John Cunneen*, for the respondent.

PER CURIAM:

Upon an attentive reading of all the affidavits we have reached the conclusion that the facts established fairly justified the conclusion that the defendant secretly left his home and departed from the State with an intent to cheat and defraud his creditors, and to avoid the service of a summons. And on this examination of the proofs we have kept in mind and observed the rule, that the statement of a fact by a witness on his oral examination, or by his affidavit in writing, when it appears that his only information is derived from another, proves nothing.

In support of the order allowing the attachment in this case, the plaintiff presented to the county judge, who made the order, original affidavits which had been used in previous applications made the same day for attachments against this defendant in cases where other parties were the plaintiffs, for the purpose of supporting the charge that the defendant had departed from the State. This practice is permissible in cases where the application is made before the same officer at a time so near to the time when the previous applications were made. (*Mojarrieta* v. *Saenz*, 80 N. Y., 547; *Barnard* v. *Heydrick*, 49 Barb., 62; *Langston* v. *Wetherell*, 14 Mees. & W., 104; *Colver* v. *Van Valen*, 6 How. Pr., 102.)

On the hearing of the motion an order was made allowing the writ of attachment to be amended by making specific reference to the affidavits which were presented and read to the county judge for the attachment. We do not discover in this any error; at most, it was a mere irregularity which certainly could not vitiate the attachment. The affidavit read by the plaintiff, indicating the papers

FIFTH DEPARTMENT, DECEMBER TERM, 1889.

that were read before the county judge, was not new proof upon the merits, and was properly received for the purpose of identifying the papers upon which the attachment was allowed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present—BARKER, P. J., and DWIGHT, J.; MACOMBER, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.