(16 Misc. Rep. 77.)

### HUTCHISON v. WALTER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

STATUTE OF FRAUDS—MEMORANDUM.

> A note left by the seller for the buyer, stating that all the bags he had on hand were red-striped, whereas those shown the buyer had a blue stripe, and requesting the buyer to notify him whether they would be satisfactory, is not a sufficient memorandum to take the contract for the sale of the blue-striped bags out of the statute of frauds.

Appeal from Second district court.

Action by Morton P. Hutchison against Frank Walter. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. T. Payne, for appellant.

A. A. McGlashan, for respondent.

McADAM, J. The action was to recover damages for failure to deliver 10,000 potato bags at the agreed price of $5\frac{1}{4}$ cents per bag, and for special damages incurred by plaintiff, with defendant's knowledge, in consequence of the breach. The defense was that, as the price exceeded $50, and none of the provisions of the statute of frauds (2 Rev. St. p. 136) was complied with, there was no valid contract, and hence no cause of action. It appears that on July 24, 1895, plaintiff called at defendant's place of business, and interviewed defendant's representative, Mr. Vetter, regarding the purchase of some potato bags, and offered to buy 10,000 at $5\frac{1}{4}$ cents a bag. He was told to call next day, and receive his answer. He did so, and an agreement was entered into between plaintiff and defendant that plaintiff would buy and defendant would sell 10,000 blue-stripe potato bags at $5\frac{1}{4}$ cents a bag; defendant to notify plaintiff when bags were ready for shipment, and receive from plaintiff shipping directions. The plaintiff sought to meet the requirements of the statute by offering in evidence certain writings, which will be referred to in their order.

On July 26, plaintiff wrote to defendant as follows:

"New York, July 26, 1895.

"F. Walter, Esq.—Dear Sir: Please notify me by mail when you are ready to have me receive the 10 M potato bags bought of you July 25th, at 5¼.

"M. P. Hutchison."

On the following day this letter was returned to plaintiff with a pencil memorandum written at the bottom, not signed, in these words:

"The bags shown you had blue stripe, and on going over our stock we find we have only red-stripe bags. These are precisely alike, except stripe. Will this be satisfactory? If so, kindly give the shipping instructions."

Later, on the same day, another memorandum was left on plaintiff's desk by defendant's agent. This memorandum was subscribed, referred to the unsigned memorandum of the morning, and was as follows:

"We left a memo. on desk this a. m. This stated that we had only red-.striped bags on hand. (When we opened the bales which we thought contained blue bags, it was discovered that they were red bags.) A party wants these bags, and we told them that they may have them if you do not want them. Kindly let us know at once, as other party are waiting for answer, and oblige                                                  Frank Walter,
                                                                    "W. J. V."

"Mr. M. P. Hutchison."

The memorandum written at the end of plaintiff's letter is insufficient to meet the requirements of the statute, and does not bind the defendant on the contract. The statute requires the note or memorandum of the contract to be subscribed by the party to be charged therewith. 2 Rev. St. p. 136, § 3; James v. Patten, 6 N. Y. 9; McGivern v. Fleming, 12 Daly, 289; Coe v. Tough, 116 N. Y. 273, 277, 22 N. E. 550. The signed writing sent by defendant to plaintiff does not bind him, for it is in no sense a contract or a memorandum of a contract. The alleged contract was for 10,000 blue-stripe bags. Defendant's memoranda speak of red-stripe bags (a different subject-matter), of which the defendant had only 8,000, and these the plaintiff refused to accept. Hence there is nothing in the signed memorandum which aids the previous writings.

There being no valid contract, the defendant was not liable to plaintiff, and the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.