(56 Misc. Rep. 21.)

### In re GRIFFIN.

Supreme Court, Jefferson County, At Chambers.  September 9, 1907.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATES—APPLICATION — CONSENT OF PROPERTY OWNERS.

Under Liquor Tax Law, Laws 1896, p. 60, c. 112, § 17, subd. 6, as amended by Laws 1897, p. 220, c. 312, requiring the filing "simultaneously" with the statement, on an application for a liquor tax certificate, a consent by property owners, a consent filed August 8th, with an application filed by one person, cannot be used as the basis of an application by another filed 20 days later.

2. SAME—AMENDMENT OF CONSENT.

Under Liquor Tax Law, Laws 1900, p. 857, c. 367, § 17, subd. 11, requiring the filing of the statement of an applicant for a liquor tax certificate in the office of the county treasurer, who shall indorse thereon the date, the amount of tax paid, etc., the original record of the county treasurer consists of the statement, consent of property owners, and the indorsement, and the consent annexed to an application cannot be amended so as to make it apply to an application presented by another.

3. SAME—"EXECUTED."

Since the word "executed," in Liquor Tax Law, Laws 1896, p. 60, c. 112, § 17, subd. 6, as amended by Laws 1897, p. 220, c. 312, providing that the consent of property owners on an application for a liquor tax certificate shall be in writing, "executed" and acknowledged as deeds entitled to be recorded, is synonymous with the word "subscribed," which means to write one's name at the end of an instrument, names attached to a consent, but which precede the consenting clause therein, are insufficient.

In the matter of the petition of Stella M. Griffin for an order to revoke a liquor tax certificate issued to Walter W. Clayton.  Petition granted.

Jas. A. Ward, for petitioner.
Joseph Nellis, for respondent.

ROGERS, J.  The premises in question, No. 40 Mill street, in the city of Watertown, Jefferson county, N. Y., have never been used for the sale of liquors.  On the 8th of August, 1907, William W. Thomas and William Place, having obtained a lease from the owners thereof, specifying that the said premises were to be used for the traffic in liquors, filed with the treasurer of Jefferson county a statement, duly signed and verified by them, whereby they applied for a liquor tax certificate authorizing the carrying on of said business at said street and number.  There was attached the consent of the owners of certain dwellings situate within a radius of 200 feet from the place designated for such traffic.  The bond required was filed, and the tax paid, whereupon a certificate was issued to said Thomas and Place for the purpose aforesaid.  Before entering upon said business, it was discovered by said applicants that the requisite number of signatures of persons required to consent had not been obtained, and they voluntarily surrendered up said certificate, and made an application to the proper authorities for a return of the money paid therefor.  Thereafter said lease was duly assigned to the respondent, Walter W. Clayton, who on the 28th day of August made an application to the county treasurer for a like liquor tax certificate, and executed and filed the requisite bond,

seeking to avail himself of the consents obtained by Messrs. Thomas and Place, and adding thereto others sufficient to make the statutory number. The additional names intended to supply the omission are written on a "rider" affixed to the original statement of Thomas and Place, but above the consenting part, so that, preceding the names attached to amend the paper on file, there is only the statement of Thomas and Place; the consent obtained by them being made to follow the rider. This new piece of paper, with the additional names attached, was filed with the county treasurer August 28, 1907, the money paid, and a liquor tax certificate, running to Clayton, was filled out and signed by the treasurer ready for delivery when called for, which delivery was stayed by this proceeding to cancel.

Whether Clayton can have the benefit of the prior consent would not seem to be doubtful, except for the fact that the application blanks furnished by the excise department pursuant to statute put the question whether the consents had been "obtained and filed heretofore"; but I do not think this controlling. The statute provides that, with the statement constituting an application for a liquor tax certificate, there shall be filed "simultaneously" the necessary "consent" that such traffic in liquors be carried on at the premises mentioned. Liquor Tax Law, § 17, subd. 6 (Laws 1896, p. 60, c. 112, as amended by Laws 1897, p. 220, c. 312). Down to this time the right to traffic in liquors in the premises in question had never been acquired, as was done in Matter of Hawkins, 165 N. Y. 188, 58 N. E. 884. It was an original application. It does not seem to me that the consent filed August 8th can be a fair construction of the language of the statute said to have been filed "simultaneously" with a statement which was placed on file in the office of the county treasurer 20 days thereafter. The original consent was filed "simultaneously" with the Thomas and Place statement, and pertained to it, and to it alone. To say that the then filing was simultaneous with the filing of a later paper would be a perversion of the meaning of a well-understood word. If this could be done after 20 days, why not 6 months or 12 months? I can see no safety in such a departure from the express language of the statute.

There are authorities to the effect that a paper in a judicial proceeding constituting a part of the record may not be used again in another proceeding, even where the same statement is required to be made or fact shown (McCoy v. Hyde, 8 Cow. 68; Cutler v. Biggs, 2 Hill, 409), though in the case of a vacated attachment the affidavit on which it was obtained may be used to procure a second warrant (Mojarrieta v. Saenz, 80 N. Y. 547). The last case cited, however, may not be an authority here, as the statute does not require that the warrant be filed at all, but that the affidavit be filed within 10 days. Code Civ. Proc. § 639. It seems to me that the Thomas and Place consent had served its purpose, had spent itself, and could not again be used as the basis of an application for a tax certificate.

Assuming, however, that a consent may be used a second time, can it be done in the manner employed here? The statute (Laws 1900, p. 857, c. 367, § 17, subd. 11) requires that the statement shall be filed in the office of the county treasurer, who shall indorse thereon the

date of its receipt, the amount of tax paid, the date of issuing the tax certificate, and the premises where the business is to be carried on, and that "such indorsement shall be received in evidence in all courts in this state, and shall be competent and sufficient prima facie evidence of all the facts stated therein." The statement, consent, and indorsement constitute one complete record of the particular case. No authority is given for amendment, as in case of judicial proceedings. Therefore it would seem that the original record in the office of the county treasurer, as made, should remain as it was, without erasure or interpolation, and that if, for any reason, the papers be deemed insufficient, new ones should be made and filed, so that the facts would appear as they actually occurred. Any other course would subject a solemn record, filed in an important county office, to manipulation, whereby rights might be improvidently conferred or destroyed. The alteration might not appear on the face of the particular record, and it might be inconvenient, or impossible, to show the fact by evidence outside. Before the change, the papers would be evidence of one thing, after the alteration, of quite another, and thus the intent of the statute giving them verity as "competent and sufficient prima facie evidence of all the facts stated therein," and making them admissible as such in "all courts of this state," would be frustrated. The purpose of the person who added the rider to the Thomas-Place statement was, no doubt, honest and well intended; but that does not justify a manipulation of a public document lodged in a public office of the dignity of the one in question. I conclude, therefore, that the consent annexed to the Thomas and Place statement could not be amended in the manner attempted.

Beyond this is the fact that the rider containing the two additional names does not, in and of itself, purport to consent to anything. It precedes the consenting clause already executed and filed. The persons whose names appear therein testify that they intended to consent; but that statute provides for "the consent in writing * * * executed by the owner of the premises * * * and acknowledged as deeds entitled to be recorded." Section 17, subd. 6. A rider attached to an otherwise complete and duly executed will has been held not a part of the will. Matter of Fults, 42 App. Div. 593, 59 N. Y. Supp. 756. "Execute" is synonymous with "subscribe." Cheney v. Cook, 7 Wis. 413, 423. To "subscribe" means to write one's name beneath or at the end of an instrument. James v. Patten, 6 N. Y. 9, 12, 55 Am. Dec. 376; Com. v. Barhight, 75 Mass. 113, 114; Stone v. Marvel, 45 N. H. 481; Davis v. Shields, 26 Wend. 356; McGivern v. Fleming, 12 Daly, 289, 290; 7 Words & Phrases, 6729. The statute as to conveyance of lands provides that "a grant in fee, or of a freehold estate, must be subscribed by the person from whom the estate, or interest is intended to pass, or by his lawful agent" (Real Property Law, Laws 1896, p. 593, c. 547, § 208), "and when duly acknowledged or proved" as therein found the deed may be recorded (section 241). Clearly this rider does not comply in letter or spirit with the liquor tax law or the real property law as to the execution of deeds of real estate so as to entitle them to be recorded.

My conclusion is that the certificate in question ought not to have been issued.