OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by defendant for an order, pursuant to CPLR 6212 (subd [e]), awarding the costs, damages and reasonable attorneys’ fees in the sum of $2,536 that were alleged to have been sustained as a result of plaintiff’s wrongful and improper attachment of defendant’s property dated March 8, 1982.
The underlying suit was one for work, labor and services in the sum of $8,072.13.
On March 8, 1982 plaintiff obtained an ex parte order of attachment signed by Justice Donald J. Sullivan with the requirement that an undertaking in the sum of $1,000 be posted of which amount $500 was to cover all costs and damages including reasonable attorneys’ fees which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant’s property.
*124 The language used in the order is derived from CPLR 6212 (subd [e]). That section also provides that plaintiff’s liability shall not be limited by the amount of the undertaking.
As a result of the order of attachment the Sheriff of the City of New York levied upon defendant’s bank account at the ABN Bank, 84 William Street, New York, N. Y.
The plaintiff thereafter, by order to show cause, signed March 26, 1982 by Justice Charles G. Tierney, moved to confirm the attachment and defendant cross-moved to vacate the attachment.
On June 10, 1982, the return date of the motion, apparently on adjourned date inasmuch as the original return date was April 12, 1982, the plaintiff withdrew its motion. This after 93 days had elapsed since the order of attachment was obtained. Despite the withdrawal of the motion the defendant’s bank account was not released inasmuch as plaintiff obtained a second ex parte order of attachment on June 9, 1982 signed by Justice Donald A. Sullivan.
Plaintiff has moved to confirm and defendant has cross-moved to vacate. These motions, not before this court, are apparently still pending.
Plaintiff’s counsel explains that after the first order of attachment was obtained there were “substantial settlement discussions” and that believing that the matter was going to be settled he did not seek leave of the court for an additional 60 days of time in which to serve the defendant, and that after the 60-day period had expired, learned, that the defendant was not going to settle, withdrew the pending motion to confirm and obtained the second order of attachment.
Defendant contends that the impropriety of the first order of attachment is implicit by reason of plaintiff’s withdrawal of its motion to confirm and mandate the award.
Plaintiff devotes much time to justification of its second order of attachment. This however is not an issue before this court. However in its argument relative to the validity of the second order of attachment plaintiff cites the case of Mojarrieta v Saenz (80 NY 547). It is difficult to believe *125 that the attorney who cited this case actually read the entire decision. Although it is true that it contains the quotation used by defendant’s counsel in his affirmation it is much more instructive as to the issue before the court and that is whether the disposition of the first order of attachment warrants an award of costs, damages and reasonable attorneys’ fees.
In Mojarrieta (supra), there were two attachments. The first was granted on May 13, 1879. The last day for commencing publication of the summons was conceded to have expired on June 12, 1879. No publication was made until after that date and by that time the attachment fell. Apparently one of the defendants in that case whose individual property had been levied requested plaintiff by telegraph and letter to suspend the attachment proceedings prior to the expiration of time to commence publication of the summons. The court ruled that such request did not constitute an estoppel to preclude the defendant from setting up failure of timely publication of service. The court concluded that the motion to vacate the first attachment should have been granted.
The parallel to the facts in the within motion is striking.
Here plaintiff states because defendant was involved with it in settlement discussions it voluntarily chose not to apply for an extension of time to serve the summons as required by CPLR 6213.
As a result the ex parte order of attachment fell — became invalid. The “voluntary” withdrawal of the motion to confirm was meaningless inasmuch as the court would have had to grant the motion to vacate.
A party resorting to such a drastic provisional remedy cannot lightly escape the penalty for improper use.
This court finds that the order of attachment was invalid for failure to comply with CPLR 6213 and that defendant is thus entitled to damages.
The next question presented is whether plaintiff’s liability is to be limited to the amount of the undertaking set aside for such an eventuality.
*126 The court is of the opinion that CPLR 6212 (subd [e]) expressly permits damages in excess of the amount of the undertaking.
The Appellate Division, First Department, in Straus v Guilhou (80 App Div 50) in a similar situation, directed that an order of reference be made to determine the damages sustained by defendant by reason of the attachment.
The issue of damages including reasonable attorneys’ fees for the work done in connection with the motion to vacate the order of attachment and the assessment of damages is referred to the special referee. Costs to be imposed shall include those necessitated by the assessment of such damages before the special referee.
These issues are referred to Trial Term, Part 10, for assignment to hear and report (with recommendations).
Counsel shall serve a copy of this order with notice of entry on the office of the referee, room 308-M, within five days after service of a copy of this order with notice of entry for the purpose of obtaining a calendar date.
The determination of the motion is held in abeyance pending the receipt of the report.